**Carroll PARR, Petitioner–Appellant**

v.

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 11–70009.

United States Court of Appeals, Fifth Circuit.

April 30, 2012.

---

Stanley Lee Schwieger, Law Offices of Stan Schwieger, Waco, TX, for Petitioner–Appellant.

Stephen M. Hoffman, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Respondent–Appellee.

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

EDITH H. JONES, Chief Judge: *

This petition arises out of Carroll Parr's ("Parr" or "Petitioner") appeal of his capital murder conviction and death sentence.[1] Parr's conviction is a result of a robbery and shooting of Joel Dominguez ("Dominguez"). After purchasing marijuana from Dominguez at the B & G Convenience store in Waco, Texas, Parr returned to the store with his friend, Earl Whiteside ("Whiteside"), in order to retrieve his money. Both Parr and Whiteside were armed. When they arrived at the store, they forced Dominguez and his friend Mario Chavez ("Chavez") to walk to a fenced area beside the store. Parr then pistol-whipped Dominguez and demanded that Dominguez return all his money. After Dominguez complied with Parr's demand, Parr told Whiteside to "[s]moke 'em." Whiteside then shot Chavez in the hand and Parr shot Dominguez in the head, killing him.

At trial Parr was convicted of capital murder of Dominguez. During the punishment phase, the state presented evidence showing an escalating pattern of disrespect for the law and that Parr was without regret or remorse for the killing of Dominguez. In addition to the evidence surrounding the murder of Dominguez, the state also presented evidence of an unadjudicated murder of Ronnie Zarazua ("Zarazua") and a drive-by shooting, both allegedly committed by Parr. After reviewing the evidence, the jury concluded that Parr would continue to be a threat to society and sentenced him to death.

Petitioner's conviction and sentence were affirmed by the Texas Court of Criminal Appeals, *Parr v. State,* No. 74,973, 2006 WL 1544742 (Tex.Crim.App. June 7, 2006) (unpublished), *cert. denied,* 549 U.S. 1120, 127 S.Ct. 937, 166 L.Ed.2d 718 (2007). Parr also filed his state application for writ of habeas corpus while awaiting the result of his direct appeal. *See Ex Parte Parr,* No. WR–65443–01, 2006 WL 2879762 (Tex.Crim.App. Oct. 11, 2006).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. All the facts contained in this section are also in the district court opinion.

After his state habeas application was denied, Petitioner then filed for federal habeas relief, which the district court denied on March 28, 2011. *See* W.D. Tex. Docket # 25. Petitioner now moves for a Certificate of Appealability ("COA") from this court.

Having reviewed the Petitioner's motion in light of the state court decisions and record, as well as the federal district court's decision, we deny the COA.

## Standard for Certificate of Appealability

AEDPA, 28 U.S.C. § 2253(c)(2), requires a petitioner seeking a COA to make "a substantial showing of the denial of a constitutional right." The Supreme Court has stated that "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003). "Importantly, in determining this issue, we view the Petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Druery v. Thaler,* 647 F.3d 535, 538 (5th Cir.2011), *cert. denied,* —— U.S. ——, 132 S.Ct. 1550, 182 L.Ed.2d 180 (2012). When reviewing a state court claim adjudicated on the merits, we defer to the state court's decision regarding that claim, unless the decision "[is] contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . [is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Barrientes v. Johnson,* 221 F.3d 741, 772 (5th Cir.2000) (quoting 28 U.S.C. § 2254(d)(1)–(2)). "Factual findings are presumed to be correct, and a Petitioner

has the burden of rebutting this presumption with clear and convincing evidence." *Brown v. Dretke,* 419 F.3d 365, 371 (5th Cir.2005) (citing 28 U.S.C. § 2254(e)(1)), *cert. denied,* 546 U.S. 1217, 126 S.Ct. 1434, 164 L.Ed.2d 137 (2006).

## DISCUSSION

On appeal, Petitioner argues that a COA should be granted for six reasons: (I) he received ineffective assistance of counsel because his trial counsel deferred to his command to allow Billy Foy Sanders to sit as a juror; (II) the trial court erroneously dismissed juror Garret ("Garret" or "vascillating juror"); (III) the Texas death penalty jury instructions set out an unconstitutional definition of mitigating circumstances that prevents the jury from giving independent effect to all the mitigating circumstances; (IV) the punishment phase jury instructions are unconstitutional because the terms "probability," "criminal acts of violence," and "society" are not defined; (V) the Texas 12–10 rule affirmatively misleads reasonable jurors regarding their role in the sentencing process and is therefore unconstitutional; and (VI) the state's use of extraneous unadjudicated offenses that were not established beyond a reasonable doubt at the punishment phase of the trial was unconstitutional.

## I. Ineffective Assistance of Counsel

Parr's first point relates to juror Billy Foy Sanders, a former law enforcement officer who Parr insisted to his attorneys was an acceptable juror. Although Parr's ineffective assistance of counsel claim was rejected in his state habeas application, the district court found the claim not to be procedurally barred because "a state court determination that an ineffective assistance of counsel claim is waived if not raised on direct appeal is neither firmly established nor regularly followed in Tex-

as." W.D. Tex. Docket # 25 at 11. The state does not challenge this ruling.

The district court then applied the two-prong test developed by the Supreme Court to evaluate whether counsel's performance was inadequate and concluded that Parr failed to establish either of the two-prongs. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (Petitioner must establish (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive him of a fair trial). The district court concluded there was no ineffective assistance because the right to defend oneself is a personal right that necessarily entails the ability to make certain fundamental decisions regarding one's representation by counsel. W.D. Tex. Docket # 25 at 11–13.[2] The district court also noted that "the state habeas court's factual determination that the decision to keep juror Sanders was based upon Petitioner's voluntary choice also bars further review." *Id.* at 14.

Additionally, the district court held that Parr failed to make a showing of prejudice. *Id.* at 13. Parr presented "nothing to indicate that the juror was biased, incompetent, or ineligible" and there was no evidence "that the jury's decision in this case was swayed by this one particular juror." *Id.* at 13–14.

On appeal, Petitioner alleges a COA is warranted because "Parr was effectively denied counsel when making the decision not to peremptorily strike the panel member, and in the alternative, trial counsel was ineffective in not disregarding the 'directive' of Mr. Parr." Petitioner makes no attempt to prove prejudice in this court.

Instead, Parr argues that prejudice need not be shown because the trial judge failed to warn Parr of the dangers of self-representation when he took over his defense by deciding that Sanders would sit on the jury. Petitioner reasons that counsel abandoned their role as advocates when they allowed Parr to determine that Sanders would sit on the jury. Because the trial judge did not warn Parr of the dangers of "self-representation" when this occurred, there was error, and prejudice need not be shown.

In the alternative, Petitioner contends trial counsel were ineffective for allowing Parr to "commit judicial suicide." The federal district court should have determined whether Parr's trial counsel protected Parr's "constitutional right to a fair and impartial jury by using voir dire to identify and ferret out jurors who are biased against the defense." That constitutional right, Petitioner argues, was violated as a result of trial counsel's ineffectiveness in failing to peremptorily strike Sanders despite Parr's instruction. Parr asserts that no prejudice need be shown under *Strickland* if counsel allow the impaneling of a biased juror.

Parr's creative arguments are not enough to show that the district court's decision was debatable among jurists of reason. First, there is no support for applying *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), to this situation. *Cronic* embodies a carefully tailored ruling applicable only when a complete "breakdown in the adversarial process" has occurred because of counsel's absence or entire failure to subject the prosecution's case to adversarial testing. *Id.* at 662, 104 S.Ct. at 2049. That *Cronic*

---

**2.** The district court based its conclusion on a Supreme Court decision that was "within the context of examining a defendant's right to self-representation...." W.D. Tex. Docket # 25 at 13 (citing *Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

cannot apply where counsel, fully engaged in the defense, satisfy their ethical duty to adhere to the client's demand—even if the demand seems to them misguided—is abundantly demonstrated in a series of cases that have evaluated counsel's acquiescence under the *Strickland* test. *See, e.g., Moore v. Johnson,* 194 F.3d 586, 605–06 (5th Cir.1999) (citing *Faretta v. California,* 422 U.S. 806, 820, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)); *United States v. Masat,* 896 F.2d 88, 92 (5th Cir.1990); *Lowenfield v. Phelps,* 817 F.2d 285, 292–93 (5th Cir.1987). We have stated, "Neither the Supreme Court nor this court has ever held that a lawyer provides ineffective assistance by complying with the client's clear and unambiguous instructions to not present evidence." *Wood v. Quarterman,* 491 F.3d 196, 203 (5th Cir.2007).

Second, reasonable jurists could not debate the court's conclusion that, tested against *Strickland,* counsel's failure to override Parr's insistence on seating Sanders as a juror was not constitutionally ineffective. The decision did not fall below the deferential constitutional standard of competence. *See Roberts v. Dretke,* 381 F.3d 491, 499–500 (5th Cir.2004), and cases cited above. Nor did Parr attempt to prove that Sanders was biased or that Parr was "prejudiced," other than by Sanders's voting with the majority of jurors.

## II. Did the trial court erroneously dismiss a "vacillating juror?"

The district court found that the dismissal of Garret, the vacillating venireman, was clearly supported by the exchange with Garret recited in the Court of Criminal Appeals' opinion.[3] W.D. Tex. Docket # 25 at 15. Petitioner failed to establish "by clear and convincing evidence that the state court's factual determination was erroneous." *Id.* Additionally, "the state court's decision was not in conflict with

clearly established federal law as determined by the Supreme court, nor was it based on an unreasonable determination of the facts in light of the evidence." *Id.* As a result, the district court held that the trial court properly dismissed Garret as a potential juror.

On appeal, Petitioner urges error in excluding Garret, because Garret never stated his beliefs would deter him from serving as an impartial juror. Petitioner concedes that the exclusion of a juror for cause is a finding of fact "based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." *Wainwright v. Witt,* 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985).

"In a capital case, a prospective juror may not be excluded for cause unless the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath." *Drew v. Collins,* 964 F.2d 411, 416 (5th Cir.1992), *cert. denied,* 509 U.S. 925, 113 S.Ct. 3044, 125 L.Ed.2d 730 (1993) (quotations omitted). "[T]his standard likewise does not require that a juror's bias be proved with unmistakable clarity. This is because determinations of juror bias cannot be reduced to question-and-answer sessions which obtain results in the manner of a catechism." *Witt,* 469 U.S. at 425–26, 105 S.Ct. at 852–53. Petitioner must show that the state court's factual determination was erroneous by clear and convincing evidence in order to prevail.

■ After reviewing the exchange between Garret and the court, we agree with the district court: "[t]he record reflects that the juror's attitude toward the death penalty would prevent him from making an impartial decision." W.D. Tex. # 25 at 15; *See Parr v. State,* No. AP–74973, 2006 WL 1544742, at *3 (Tex.Crim.App.2006) (illus-

---

**3.** *See Parr v. State,* No. AP–74973, 2006 WL 1544742, at *3 (Tex.Crim.App.2006).

trating Garret's contradictory responses). A juror can be excused for cause if his ability to impose the death penalty under the state-law framework is substantially impaired. *See Uttecht v. Brown,* 551 U.S. 1, 9, 127 S.Ct. 2218, 2224, 167 L.Ed.2d 1014 (2007). In addition, "in determining whether the removal of a potential juror would vindicate the State's interest without violating the defendant's rights, the trial court makes a judgment based in part on the demeanor of the juror, a judgment owed deference by reviewing courts." *Id.*

Here, Garret's assurances that he would consider imposing the death penalty did not overcome the reasonable contrary inference that he was in fact substantially impaired in his ability to impose the death penalty under the state-law framework. *See id.* at 17–18, 127 S.Ct. at 2228–29. Reasonable jurists could not debate the court's conclusions that the state court neither made an unreasonable determination of the facts in light of the evidence nor failed to follow clearly established federal law as determined by the Supreme Court. The COA was properly denied.

### III. Did the Texas death penalty jury instructions prevent Parr's jury from giving full effect to his mitigating evidence?

The district court rejected the Petitioner's contention because it found the mitigation special issue presented to the jury sufficient under *Penry v. Johnson (Penry II),* 532 U.S. 782, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). W.D. Tex. # 25 at 21. Petitioner alleged an instruction similar to that struck down in *Coble v. Quarterman,* 496 F.3d 430 (5th Cir.2007), but the court noted that Parr's jury was not given the *Coble* instruction. The court then held the sentencing scheme to be proper because the instruction gave the jury the opportunity to "express its reasoned moral response to the defendant's mitigating evidence." In contrast to the judicially craft-

ed nullification instructions at issue in *Penry II* and *Coble,* the instruction that Petitioner's jury was given pursuant to a later Texas law "allowed the jury to consider all of Petitioner's mitigating evidence."

Petitioner requests a COA to redress confusion caused by the Texas jury instructions concerning the death penalty. Petitioner believes the jury instruction given in his case is problematic because "the jury must conduct a balancing act between the mitigating evidence against circumstances militating in favor of the death penalty in order to determine if they were sufficient under the mitigation special issue." Parr contends that the jury was unable to do so because the jury instruction provided a definition regarding mitigating circumstances that is not constitutionally authorized and prevented the jury from giving independent effect to his mitigating circumstances.

■ As Petitioner concedes, the exact instruction now at issue has been upheld in this court previously in *Scheanette v. Quarterman,* 482 F.3d 815, 824, 826–27 (5th Cir.2007). Notwithstanding his disagreement with our decision, Petitioner's challenge is barred by *Scheanette. Id.* at 825–26. As a result, reasonable jurists could not disagree with the district court's resolution of Parr's constitutional claims or that this issue is not adequate to deserve encouragement to proceed further.

### IV. Is the Texas capital sentencing scheme unconstitutional because it fails to define the terms "probability," "criminal acts of violence," and "society?"

The district court held that this claim lacked merit because both the Supreme Court and Fifth Circuit have upheld the Texas capital sentencing regime. W.D. Tex. # 25 at 19–20. The Supreme Court originally approved the Texas capital sen-

tencing scheme in *Jurek v. Texas*, 428 U.S. 262, 268–75, 96 S.Ct. 2950, 2954–58, 49 L.Ed.2d 929 (1976), when it held "that the constitutionally required narrowing function was performed at the guilt-innocence stage." *West v. Johnson*, 92 F.3d 1385, 1406 (5th Cir.1996).

■ Petitioner contends that the punishment phase jury instructions are unconstitutional because the instructions utilize vague terms such as "probability," "criminal acts of violence," and "society." Parr asserts that these terms do not provide adequate guidance to the jury and enable the jury to base their decision upon improper considerations.

This contention lacks merit. As the district court noted, it is well settled that the terms "probability," "criminal acts of violence," and "society" are not unconstitutionally vague in this context. *See, e.g. Turner v. Quarterman*, 481 F.3d 292, 299–300 (5th Cir.2007), *cert. denied*, 551 U.S. 193, 127 S.Ct. 2352, 168 L.Ed.2d 85 (2007) (finding the terms "probability," "criminal acts of violence," and "continuing threat to society" did not require further definition).[4] Reasonable jurists could not disagree with the district court's rejection of this point.

## V. Is the Texas 12–10 Rule unconstitutional?

■ The district court held that the 12–10 rule did not violate Petitioner's right to due process or his right to be free from cruel and unusual punishment because those claims were foreclosed by Fifth Circuit precedent. W.D. Tex. # 25 at 23. Tex.Code Crim. Proc. Art. 37.071 §§ 2(d)(2) and 2(f)(2) require at least ten jurors to agree to answer negatively on the punishment issues but twelve to agree on affirmative answers.

On appeal, Petitioner contends the 12–10 rule is unconstitutional because a reasonable jury would be "affirmatively misled regarding its role in the sentencing process." (quoting *Romano v. Oklahoma*, 512 U.S. 1, 9, 114 S.Ct. 2004, 2010, 129 L.Ed.2d 1 (1994)). Petitioner posits that the 12–10 rule violates the constitutional principles discussed in *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), and *McKoy v. North Carolina*, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990). Allegedly, the 12–10 rule violates the Eighth and Fourteenth Amendments because it diminishes the perceived legal effect of a single juror's vote, which leads to a "majority rules" mentality. Petitioner asserts that the state court's decision was contrary to and involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

The precedents Parr relies on do not support his position. This court holds that the Texas 12–10 rule does not run afoul of either *Mills* or *McKoy* because "[u]nder the Texas system, all jurors can take into account any mitigating circumstance. One juror cannot preclude the entire jury from considering a mitigating circumstance." *Jacobs v. Scott*, 31 F.3d 1319, 1329 (5th Cir.1994). In addition, this court has found arguments based on *Mills* aiming to invalidate the Texas 12–10 rule to be barred by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See *Druery*, 647 F.3d at 542–45 (citing numerous Fifth Circuit cases holding that *Teague* barred the court from extending *Mills* to invalidate the Texas 12–10 rule).[5]

---

4. *See also* W.D. Tex. # 25 at 19–21 (listing numerous cases where the terms at issue have been declared to not be unconstitutional).

5. Petitioner does not brief how his rights are violated under the Sixth Amendment.

Petitioner's Eighth Amendment challenge to the 12–10 rule is also barred by *Miller v. Johnson*, in which this court rejected the argument that the 12–10 rule created the risk that "a reasonable juror could have believed that their individual vote was not meaningful unless some threshold number of jurors were in agreement on that particular special issue." *Miller*, 200 F.3d 274, 288 (5th Cir.2000). Finally, Petitioner's due process claim is contrary to *Hughes v. Dretke*, 412 F.3d 582, 593–94 (5th Cir.2005) (rejecting a due process challenge to the Texas 12–10 rule). In sum, reasonable jurists could neither disagree with the district court's resolution of this claim nor conclude that this issue deserves encouragement to proceed further.

**VI. Is the state's use of extraneous unadjudicated offenses that were not established beyond a reasonable doubt at the punishment phase of the trial unconstitutional?**

The district court held that this claim was without merit for two reasons. W.D. Tex. # 25 at 15–16. First, "[t]here is no federal constitutional prohibition against the introduction of extraneous, unadjudicated criminal conduct at a trial's punishment phase." *Id.* at 15 (citing *Brown v. Dretke*, 419 F.3d at 376 (5th Cir.2005), *cert. denied*, 546 U.S. 1217, 126 S.Ct. 1434, 164 L.Ed.2d 137 (2006)). Second, the Constitution does not require "that unadjudicated extraneous offenses be proved beyond a reasonable doubt for evidence of those offenses to be admitted at trial." *Id.* at 16 (quoting *Brown v. Dretke*, 419 F.3d at 376–77).

Petitioner contends that the district court failed to respond to the argument with which it was presented, specifically, that the State proved a number of extraneous offenses using only speculation and conjecture, and did not even attempt to establish them reliably, let alone beyond a reasonable doubt. In essence, he asserts, the jury could have been unfairly influenced by innuendoes rather than proven facts.

■ We reiterate, as noted, that there is no constitutional prohibition under the Eighth or Fourteenth Amendments against the introduction of extraneous evidence at the punishment phase and the Constitution does not require extraneous offenses to be proved beyond a reasonable doubt. Petitioner's claim lacks constitutional merit. Notwithstanding the absence of constitutional support for Parr, it must be recalled that at the punishment phase of trial, the state bore the burden of persuading the jury beyond a reasonable doubt to answer the special issues in its favor. *Adanandus v. State*, 866 S.W.2d 210, 233 (Tex.Crim.App.1993), cited in *Parr v. State*, 2006 WL 1544742, at *4. Reasonable jurists could neither disagree with the district court's resolution of this claim not conclude that this issue deserves encouragement to proceed further.

## CONCLUSION

For these reasons, Petitioner's application for COA is **DENIED**.