# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-70035

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

JOHN DAVID BATTAGLIA

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1904

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

John Battaglia was sentenced to death by a Texas jury and seeks habeas relief. He requests a Certificate of Appealability (COA) to appeal the district court's denial of his claim that state trial counsel ineffectively failed to question jurors about their openness to considering mental health evidence. He also asks for leave to develop potential new ineffective

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-70035

assistance of counsel claims that would have been procedurally defaulted prior to *Trevino v. Thaler*.[1] We DENY Mr. Battaglia's requests.

I.

The facts were ably explained by the magistrate judge and adopted by the district court.[2] We repeat them only as necessary. Mr. Battaglia was sentenced to death for killing his two young daughters. There was evidence at trial that he suffered from severe bipolar disorder. His conviction and death sentence were affirmed on direct appeal.[3] In state post-conviction proceedings, Mr. Battaglia argued that trial "counsel made no or only minimal attempts to determine the venire members' attitudes regarding whether mental illness played any role as a mitigating factor." The initial state habeas court found that this claim was drawn entirely from the appellate record and thus procedurally barred by Texas law because it should have been raised on direct appeal.[4] It also denied the claim in the alternative on the merits.[5] The Court of Criminal Appeals (CCA) adopted the Texas district court's opinion.[6]

Mr. Battaglia then filed for habeas relief in federal court. He again argued trial counsel were ineffective because they "failed to adequately question the venire about their views on mental illness as mitigation." The magistrate judge recommended rejecting the claim on the merits, reasoning that because the state court found the questions would have been improper

---

[1] 133 S.Ct. 1911 (2013).

[2] *Battaglia v. Stephens*, 3:09-CV-1904-B, 2013 WL 5570216, at *9-10 (N.D. Tex. Oct. 9, 2013).

[3] *Battaglia v. State*, AP-74,348, 2005 WL 1208949 (Tex. Crim. App. May 18, 2005) (unpublished).

[4] *Ex Parte Battaglia*, No. W01-52159-H(A), at 13-14 (Crim. Dist. Ct. No. One, Dallas Cty. Tx. Aug. 6, 2008), *available at* W.R. 494.

[5] *Id.* at 26-31, 37-38.

[6] *Ex Parte Battaglia*, WR-71,939-01, 2009 WL 3042925, at *1 (Tex. Crim. App. Sept. 23, 2009) (unpublished).

No. 13-70035

under state law, counsel could not have been ineffective in failing to ask them.[7] The district court adopted this recommendation, denied the habeas petition, and denied a COA.[8]

## II.

To obtain leave to appeal the district court's denial of his habeas petition, Mr. Battaglia "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"[9] To do so, he "must sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[10] "The issue is 'the debatability of the underlying constitutional claim, not the resolution of the debate.'"[11] Though this standard is forgiving, it must be viewed in conjunction with the restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the standards governing the underlying constitutional question.[12]

Mr. Battaglia's constitutional claim is that trial counsel were ineffective because they failed to adequately question potential jurors about their openness to evidence of bipolar disorder during voir dire. To prove an ineffective assistance of counsel (IAC) claim, Mr. Battaglia must show "(1) that counsel's performance was deficient; and (2) that such deficient performance prejudiced the defense."[13] Under AEDPA, when state courts deny a habeas claim on the merits, federal courts may not grant relief unless the state court decision:

---

[7] *Battaglia*, 2013 WL 5570216, at *24-25.

[8] *Id.* at *5-6, 9.

[9] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

[10] *Id.* at 336 (internal quotation marks omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[11] *Beatty v. Stephens*, 759 F.3d 455, 461 (5th Cir. 2014) (quoting *Miller-El*, 537 U.S. at 342).

[12] *Id.* at 462-63.

[13] *Id.* at 462 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

3

No. 13-70035

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[14]

Since Mr. Battaglia has not challenged the state court's fact findings, the relevant question before the district court was "whether the state court's application of the *Strickland* standard was unreasonable."[15] The district court determined that it was not.

We now ask whether reasonable jurists could debate the district court's determination that habeas relief was not warranted. Combining the *Strickland*, AEDPA, and COA standards, Mr. Battaglia is entitled to a COA if reasonable jurists could debate whether the state habeas court's finding that there was no *Strickland* violation was contrary to, or an unreasonable application of, clear Supreme Court law.

III.

a. Procedural Bar

The CCA rejected Mr. Battaglia's claim that "counsel made no or only minimal attempts to determine the venire members' attitudes regarding whether mental illness played any role as a mitigating factor" on both procedural and merits grounds. "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites . . . the rule is firmly established and consistently followed."[16] Review of Mr. Battaglia's claim is not barred because Texas courts have not consistently applied the rule that matters based entirely on

---

[14] 28 U.S.C. § 2254(d).
[15] *Beatty*, 759 F.3d at 463 (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).
[16] *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

4

the appellate record should be raised on direct appeal.[17] The Supreme Court has extensively discussed the ways in which "Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review."[18] The state has not challenged the district court's finding of inconsistency, instead arguing that Mr. Battaglia has not made a substantial showing of the denial of a constitutional right.

b. Debatability of Mr. Battaglia's Constitutional Claim

The CCA found that Mr. Battaglia had failed to show his counsel's performance was "deficient or prejudicial."[19] The court's reasoning focused on the performance prong and proceeded along two lines. First, it found that counsel *did* question potential jurors about how they would view testimony by mental health professionals and whether they could consider mental health evidence with regard to mitigation.[20] Second, it found that Battaglia was arguing that counsel should have "fleshed out whether specific jurors personally viewed mental illness as a mitigating factor," which would have constituted "improper commitment questions."[21] The district court denied the habeas petition based on the CCA's second line of reasoning, finding counsel could not have been ineffective for failing to ask questions that were

---

[17] *See McCarthy v. Thaler*, No. 3:07-CV-1631-O, 2011 WL 1754199, at *3 (N.D. Tex., May 9, 2011) (stating that "a state procedural default for failure to raise an ineffective assistance of trial counsel claim in the direct appeal does not appear to have been regularly followed in the Texas courts," and citing CCA statements that the general rule is that ineffective assistance claims should be raised on habeas); *Parr v. Thaler*, 481 F. App'x 872, 874-75 (5th Cir. 2012) (noting unchallenged finding that "a state court determination that an ineffective assistance of counsel claim is waived if not raised on direct appeal is neither firmly established nor regularly followed in Texas").

[18] *Trevino*, 133 S.Ct. at 1918-20.

[19] *Battaglia*, No. W01-52159-H(A), at 37-38. Adopted by CCA in *Battaglia*, 2009 WL 3042925, at *1.

[20] *Battaglia*, No. W01-52159-H(A), at 26-30.

[21] *Id.* at 31.

improper under Texas law.[22]

In this application for COA, Mr. Battaglia emphasizes that his claim is only that jurors were not asked whether they would be open to *considering* evidence of bipolar disorder at the mitigation phase. He does not argue trial counsel should have asked *how* jurors would weigh his mental illness. At least some of his arguments to the state habeas court are consistent with this version of his claim. Nevertheless, even setting aside, *arguendo*, the Texas improper commitment question rule, we find that reasonable jurists could not debate the district court's denial of Mr. Battaglia's petition.

Mr. Battaglia's IAC claim is not debatable because state trial counsel *did* ask jurors about their openness to evidence of mental illness, and Mr. Battaglia has identified no Supreme Court law suggesting that the manner in which they did so fell outside the range of reasonable representation. First, trial counsel stated in affidavits that they drew information from juror responses to questionnaire items assessing their feelings about mental health professionals, and about testimony by such professionals in a capital murder trial. These responses "indicated to [counsel] how open each juror might be to considering evidence of mental illness at punishment."

Additionally, for each of the twelve jurors eventually selected, counsel either asked whether the juror would be open to considering evidence of mental illness with regard to mitigation, or counsel explained that the jury *could* consider such evidence with regard to mitigation. Counsel took pains to explain that even if the evidence was not enough to show that Mr. Battaglia was "insane" for guilt-phase purposes, it could still be relevant to mitigation. All jurors responded affirmatively to the question or explanation by defense counsel, indicating that they were open to such evidence or understood that

---

[22] *Battaglia*, 2013 WL 5570216, at \*24-25; (magistrate judge's recommendation); *id.* at \*5-6 (district court adopting magistrate's reasoning and denying petition).

they could consider it. Additionally, counsel attempted without success to get a definition of "mitigation" from the trial court in order to be better able to question jurors during voir dire.

Counsel had information from all jurors about how they would view evidence from mental health professionals, and ascertained that all jurors understood they were allowed to consider evidence of mental illness with regard to mitigation. Mr. Battaglia has not cited any Supreme Court law even suggesting that counsel were constitutionally ineffective for failing to do more. He highlights cases establishing the importance of voir dire,[23] the right of capital defendants to question jurors on their beliefs about the death penalty,[24] and the fact that sentencers may not "refuse to consider, *as a matter of law*, any relevant mitigating evidence."[25]

None of these cases can bear Mr. Battaglia's burden of showing that reasonable jurists could debate whether the Texas courts unreasonably applied clearly established Supreme Court law. Mr. Battaglia *was* permitted to question jurors about whether they could consider mental health evidence with regard to mitigation, so cases establishing the right to do so are inapposite. Moreover, none of the cases cited establish that counsel *must* ask such questions at all,[26] let alone that counsel must ask them at a particular level of specificity or minuteness.

To the extent Mr. Battaglia now argues counsel should have gone further and asked whether jurors could consider evidence of *bipolar disorder*

---

[23] *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981).

[24] *Morgan v. Illinois*, 504 U.S. 719, 730-36 (1992).

[25] *Eddings v. Oklahoma*, 455 U.S. 104, 114 (1982) (emphasis original); *see also Boyde v. California*, 494 U.S. 370, 377-78 (1990) ("The Eight Amendment requires that the jury be able to consider and give effect to all relevant mitigating evidence offered by petitioner."); *Penry v. Lynaugh*, 492 U.S. 302, 318-20 (1989).

[26] *See Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013) ("Moreover, Garza cites no authority, and we have found none, that would require a defense attorney to ask specific questions at voir dire.").

specifically, as opposed to asking about mental health evidence generally, this argument was not made before the state courts or the federal district court, and has even less purchase in the law. Mr. Battaglia has not pointed to any cases establishing that this greater level of specificity in voir dire questioning is required in order for counsel not to be constitutionally deficient.

Because, in light of the AEDPA and *Strickland* standards, reasonable jurists could not debate whether Mr. Battaglia's IAC claim deserves encouragement to proceed further, the application for a COA is denied.

IV.

Alongside his request for a COA, Mr. Battaglia attempts to raise new trial IAC claims that his state habeas counsel may have ineffectively failed to pursue. Mr. Battaglia suggests that (a) state trial counsel were ineffective because they failed to pursue a not guilty by reason of insanity verdict; and (b) state habeas counsel ineffectively failed to investigate and make this claim. He asks for a "stay and abeyance" of these proceedings and appointment of counsel so that this claim can be developed. He also suggests there may be other trial IAC claims that could be developed if the court stayed and abated the case.

The trial IAC claims Mr. Battaglia seeks to develop were procedurally barred prior to *Trevino v. Thaler*[27] because they were not brought during state post-conviction proceedings. In *Trevino*, the Supreme Court held that ineffective assistance of counsel during Texas habeas proceedings can provide an excuse in federal court for the failure to exhaust substantial trial IAC claims.[28] Mr. Battaglia's reasoning is that although counsel in federal district

---

[27] 133 S.Ct. 1911 (2013).
[28] *Id.* at 1921.

court did not raise *Trevino* claims,[29] we should consider granting a stay and abeyance now because *Trevino* issued only a few months before the district court ruled, giving counsel below inadequate opportunity to respond.

We do not address Mr. Battaglia's procedurally improper request. Generally, "issues that are not covered by a COA are not properly before this court and thus cannot be considered on appeal."[30] Mr. Battaglia neither has nor asks for a COA on this issue—nor could he since his request was never made below. Rather, Mr. Battaglia seeks broad leave to develop potential *Trevino* IAC claims for the first time in this proceeding.

In capital habeas, as in other contexts, we generally do not address matters which were not presented to the district court.[31] Mr. Battaglia does not show that exceptional circumstances warrant a departure from this rule.[32] His only argument is that his counsel had no time to react to *Trevino* in the district court—but even assuming we found that circumstance

---

[29] Mr. Battaglia did raise *Trevino* claims in supplemental *pro se* pleadings in the district court, but his current counsel does not seek to renew those claims, which were denied on multiple grounds, instead seeking to develop new ones.

[30] *Kohler v. Cain*, 214 F.3d 1350, 2000 WL 634646, at *2 (5th Cir. 2000) (unpublished) (*citing Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997)).

[31] *See, e.g.*, *Carter v. Johnson*, 131 F.3d 452, 464-65 (5th Cir. 1997) (issues not raised before district court in capital § 2254 proceeding waived); *Johnson v. Puckett*, 176 F.3d 809, 814 (5th Cir. 1999) (same—new contention "cannot be considered"); *Davis v. Thaler*, 511 F. App'x 327, 331 n.1 (5th Cir. 2013).

[32] *See Tifford v. Wainwright*, 592 F.2d 233, 234 (5th Cir. 1979) (per curiam) (in habeas setting, rejecting exception where "the issue tendered is technical, not substantial" and the issues were "not based on any new developments in the law or on any newly unearthed facts"); *Carter*, 131 F.3d at 465 n.20 (in habeas setting, rejecting argument that a "miscarriage of justice will result from our refusal to address his argument" in the "absence of any colorable reason to question his factual guilt"); *see also, more generally*, *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 159 & n.87 (5th Cir. 2004) (per curiam) (citing *Matter of Novack*, 639 F.2d 1274, 1276-77 (5th Cir. Unit B Mar. 1981)); *Honeycutt v. Long*, 861 F.2d 1346, 1352 (5th Cir. 1988) (listing situations where appeals court will hear issues raised for first time on appeal); *City of Waco, Tex. v. Bridges*, 710 F.2d 220, 228 (5th Cir. 1983) (same).

"The burden of establishing exceptional circumstances rests on the party asserting the new issue." *Newman v. Strachan Shipping Co. of Texas*, 117 F.3d 1417, 1997 WL 336181, at *1 (5th Cir. 1997) (unpublished).

## No. 13-70035

relevant, his assertion is inaccurate. *Trevino* issued months before the magistrate judge's recommendation below, and was explicitly discussed by the magistrate months before the district court's final ruling. Counsel below simply failed to pursue the matter. We further note that this is not a case where counsel was put in the position of arguing that she herself was ineffective.[33] Counsel in the district court and on this appeal were federally appointed and had no involvement in the state proceedings. We deny Mr. Battaglia's request made without a COA and never presented to the district court.

_____

Mr. Battaglia's application for COA and request for a stay and abeyance are DENIED.

---

[33] *Cf. Speer v. Stephens*, 2015 WL 1449798, at *1-2 (5th Cir. Mar. 30, 2015) (appointing supplemental counsel under 18 U.S.C. § 3599 where federal habeas counsel "also represented the petitioner during state habeas proceedings").